Christopher P. Burke, Esq.
Nevada Bar No. 004093
attycburke@charter.net
702 Plumas St.                                          ECF filed: 6/08/17
Reno, NV 89509
(775) 333-9277
Attorney for Plaintiff,
Joan E. McKinney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEVADA

Joan E. McKinney, individually and )
on behalf of others similarly situated, )
                                       )
                                       )   Case No. _____
Plaintiff,                             )
v.                                     )
                                       )   **JURY TRIAL DEMANDED**
                                       )
The Federal National Mortgage          )
Association aka Fannie Mae             )
                                       )
                                       )
Defendant.                             )
                                       )

CLASS ACTION COMPLAINT

Plaintiff, Joan E. McKinney ("McKinney"), for this Class Action Complaint against the Defendant, Fannie Mae. alleges and states:

1. Plaintiff brings this action to secure redress for a course of conduct that included accessing plaintiffs' credit report without consent or any lawful reason, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Venue is properly before this Court because the Plaintiff, Joan E. McKinney, is a resident and a citizen of this District and the acts complained of caused injury in this District.

1

Class Action Complaint

# PARTIES

3. Plaintiff is an individual who resides in Reno, Nevada.

4. Defendant is The Federal National Mortgage Association, also known as Fannie Mae, a government sponsored enterprise.

5. The Defendant has willfully and intentionally participated in the wrongful conduct complained of herein and caused injury to the Plaintiff and others similarly situated to the Plaintiff.

# CLASS DEFINITION

6. Joan McKinney also sues on behalf of others who are similarly situated to Joan McKinney. This class of persons consists of the following persons:

> Any person who obtained a discharge of their debt to Defendant through a bankruptcy proceeding and after the discharge, the Defendant pulled or obtained a consumer report about that person within the 5 year period preceding the filing of this complaint. The class excludes any person who falls within the definition if the person is (i)an employee or independent contractor of the Defendant; (ii) a relative of an employee or independent contractor of the Defendant; or (iii) an employee of the Court where this action is pending; or (iv) a person who gave written authorization to the Defendant after their discharge; or (v) applied for credit with the Defendant after their discharge. This definition may be amended or modified.

# FACTS

7. On February 26, 2010, Joan McKinney and her husband, Ronnie C. McKinney, filed a bankruptcy proceeding under Title 11 before the United States Bankruptcy Court for the District of Nevada, Case No. BK-N-10-50597-GWZ. Prior to the bankruptcy filing, Joan McKinney had a credit relationship with the Defendant as a result of a mortgage debt.

8. As a result of the bankruptcy proceeding, on April 29, 2015 the McKinneys were granted a discharge of their in personam liability for debts, including any debt owed to Fannie Mae.

Class Action Complaint

2

9.   There was no other in personam relationship established or created between Joan McKinney and Fannie Mae after Joan McKinney filed her bankruptcy.

10.  Fannie Mae knew of Joan McKinney's bankruptcy filing and that she was granted a discharge.

11.  Despite the discharge and the absence of any in personam credit relationship between Joan McKinney and Fannie Mae, it accessed Joan McKinney's personal information after the discharge by pulling or obtaining consumer reports from a consumer reporting agency on more than one occasion after their discharge.

12.  Joan McKinney has not requested credit from the Defendant, nor was it a replacement for any other credit Joan McKinney had.

13.  Joan McKinney had not authorized Fannie Mae access to her private credit reports or information.

14.  Defendant invaded Joan McKinney's privacy when it obtained Joan McKinney's private credit information without complying with the FCRA.

**CLASS ALLEGATIONS**

15.  This action is also brought as a Class Action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff proposes to represent herself and the class defined above.

16.  The named Plaintiff falls within the Class definition and is a Class Member.

17.  The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession, custody or control of the Defendant and the records of the consumer reporting agencies since they charge the Defendant for each pull made by it.

Class Action Complaint

3

18. Upon information and belief, the Class is sufficiently numerous such that individual joinder of all members is impractical. This allegation is based on the fact that Defendant is a substantial credit provider.

19. There are questions of law and fact common to the Class which predominates over any questions affecting only the individual members of the Class and, in fact, the wrongs alleged against the Defendant are identical. The common issues include, but are certainly not limited to:

    (i) Whether the Defendant obtained or pulled information about the Plaintiff and members of the Class from a consumer reporting agency;

    (ii) Whether the Defendant can show any permissible purpose or written authorization to obtain or pull private credit information about the Plaintiff or the members of the class;

    (iii) Whether the Defendant acted willfully, as that term has been interpreted under the FCRA, when it pulled or obtained the private information about the Plaintiff or the members of the Class;

    (iv) The amount of statutory damages to be assessed against the Defendant;

    (v) Whether an award of punitive damages against Defendant is appropriate.

20. The Plaintiff's claims are the same for each member of the Class and are based on the same legal and factual theories. There is nothing unusual about the Plaintiff to warrant a material difference between her claims and the claims of the members of the class.

21. Defendant's likely defenses (though unavailing) are and will be typical of and the same or identical for each of the Class Members and will be based on the same legal and factual theories. There are no valid unique defenses.

22. The named Plaintiff will fairly and adequately represent and protect the interests of the Class. The named Plaintiff has retained counsel that is experienced in consumer litigation. The named Plaintiff's co-counsel is also experienced in consumer cases including having been appointed as class counsel in a number of class actions asserting claims under consumer protection laws.

23. The named Plaintiff does not have any interests antagonistic to the members of the Class.

### *Certification Under Fed. R. Civ. P. 23(b)(2) and (b)(3)*

24. The Defendant has acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to 15 U.S.C.A. § 1681n is appropriate respecting the Class as a whole. Further, the common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured.

25. There are no individual questions to establish the claims of the Plaintiff and the Class Members. The claims are based on the Defendant's invasion of her privacy interests in her private credit information when they did not comply with the FCRA to do so.

26. Plaintiff's claims are typical of the claims of the class members.

27. The Class members have suffered damages, losses, and harm similar to those sustained by the named Plaintiff. This includes the invasion of their privacy. All are

entitled to the statutory damages allowed by the FCRA as damages for the invasion of privacy and to any punitive damages that may be awarded based on that conduct.

## COUNT I - FAIR CREDIT REPORTING ACT

28. McKinney incorporates the foregoing paragraphs.

29. In enacting the FCRA, Congress found "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."

30. The FCRA, 15 U.S.C. § 1681 b, sets forth when the private information held by Consumer Reporting Agencies may be shared with others. The FCRA provides it is only permissible to obtain a credit report on a consumer with the written consent of the consumer or for certain "permissible purposes, which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer".

31. The requester must affirmatively certify to the consumer reporting agency that a permissible purpose exists.

32. Defendant obtained or "pulled" the consumer report of Joan McKinney and the members of the class without written permission or a "permissible purpose".

33. To obtain the consumer report of Joan McKinney or the class members, the Defendant had to affirmatively certify that it had either written consent or a permissible purpose.

34. The Defendant knew that it did not have either written consent or a permissible purpose.

35. The FCRA, 15 U.S.C. § 1681q, provides:

> § 1681q.  Obtaining information under false pretenses
> Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both.

36.  The Defendant obtained information about Joan McKinney and the class members under false pretenses since the Defendant did not have a permissible purpose or written permission.

37.  The FCRA, 15 U.S.C. § 1681n, provides:

> §1681n.  Civil liability for willful noncompliance
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of -
> (1)
> (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $1,000; or
> (B) in the case of liability of a natural person for obtaining a Consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

38.  The FCRA, 15 U.S.C. § 1681p, provides:

> § 1681p.  Jurisdiction of courts; limitation of actions
>
> An action to enforce any liability created under this title [15 USC §§ 1681 et seq. may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§ 1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§ 1681 et seq.], the action may be brought at any time within two years after the discovery by the individual of the misrepresentation.

7

Class Action Complaint

39. The Plaintiff and the class members have had their privacy illegally invaded as a result of Defendant's willful actions and they are entitled to statutory damages allowed by the FCRA to compensate them for their injuries.

40. The Defendant's actions support an award of punitive damages since they acted knowingly when they accessed reports without a permissible purpose and made false certifications to pull or obtain the private information of the Plaintiff and class members.

Wherefore, the Plaintiff prays for the following relief and judgment in his favor and the members of the class and against the Defendant:

a. The Court certify a class of persons defined herein as may be modified or amended;

b. Appoint Plaintiff as a Class Representative and her counsel as Class Counsel to represent the class certified;

c. Award statutory damages to the Plaintiff and each class member;

d. Award punitive damages against the Defendant;

e. Award the Plaintiff and Class their costs, including attorney fees.

f. Award such other and further relief as may be appropriate and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                          Respectfully submitted,
Ronnie C. McKinney
Joan E. McKinney
By their Attorneys,

Christopher P. Burke, Esq.

Dated: 6/08/17    /s/ Christopher P. Burke
Nevada Bar No. 004093
*attycburke@charter.net*
702 Plumas Street
Reno, Nevada 89509
(775) 333-9277

and

Scott C. Borison
(Pro Hac Vice to be filed)
Legg Law Firm, LLP
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403
Borison@legglaw.com
(301) 620-1016
Fax: (301) 620-1018
Borison@legglaw.com

*Attorneys for Plaintiffs*

Class Action Complaint